UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARSHALL T. MORIARTY,<br>individually and on behalf of<br>all others similarly situated,<br>                      Plaintiff<br><br>          v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br>                      Defendant | Civil Action No. 13-30157-KPN |

MEMORANDUM AND ORDER WITH REGARD TO
DEFENDANT'S MOTION TO DISMISS
(Document No. 8)
September 30, 2014

NEIMAN, U.S.M.J.

     Marshall T. Moriarty ("Plaintiff") brings this action asserting that, as an attorney, he is entitled to mandamus relief pursuant to 28 U.S.C. §§ 1331 and 1361. In short, Plaintiff maintains that since June 1, 2012, the defendant Commissioner of the Social Security Administration ("Commissioner") does not -- but, Plaintiff says, is required to -- include the Massachusetts state supplement when calculating attorneys' fees in Supplemental Security Income Benefits ("SSI") cases. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the jurisdiction of this court.

     Presently, the Commissioner seeks dismissal of Plaintiff's complaint, arguing that the court lacks subject matter jurisdiction. For the following reasons, the court will deny the Commissioner's motion and, in doing so, reserve for another day the underlying legal question raised by Plaintiff's complaint.

I. STANDARD

Pursuant to Rule 12(b)(1), a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction. "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993). When considering such a motion, a court must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in his or her favor. *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (citation omitted). A plaintiff who asserts jurisdiction based on "unsupported conclusions or interpretations of law," however, cannot prevail under the rule. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993)).

II. BACKGROUND

Pursuant to 42 U.S.C. § 1383(d), the Commissioner sets the maximum fee for attorneys who have prevailed on behalf of their clients in SSI cases. (Complaint at ¶ 2.) In essence, the Commissioner must certify for payment a fee equal to so much of the maximum fee as does not exceed "25 percent of the total amount of . . . past-due benefits." (Id. ¶ 4 (quoting 42 U.S.C. § 406).) An administrative fee is then deducted from this amount pursuant to 42 U.S.C. § 1383(d)(2)(B). (Id. ¶ 3.)

These statutory provisions are straightforward enough. The present dispute, however, necessitates a deeper analysis. Under the Social Security Act, there is a nationally uniform federal benefit ("federal benefit") for the SSI program and a somewhat less uniform state supplement ("state benefit"). (Id. ¶ 5.) States can either pay the federal government to administer the state benefit ("federal administration") or

2

administer the state benefit themselves ("state administration").  (Id.)  On April 1, 2012, Massachusetts, which had previously opted for federal administration, switched to state administration, although it did not modify the amount of the benefit.  (Id. ¶¶ 7, 8.)

This change to state administration was important because, since the SSI program began in 1974, the Commissioner had included the Massachusetts state benefit when quantifying a prevailing claimant's total "past-due benefits" for purposes of determining any attorney's fee.  (Id. ¶ 6.)  This remains true in those states which have opted for the federal administration of the state benefit.  But on June 1, 2012, two months after Massachusetts switched to state administration, the Commissioner stopped including the state benefit when calculating total "past-due benefits."  (Id. ¶ 8, 9.)  Accordingly, Plaintiff alleges, he and other similarly situated attorneys have not received their "full" fees since that date.  (Id. ¶¶ 9, 10.)[1]

On May 6, 2013, Plaintiff, who had represented Fernando Cantres ("Cantres") in a partially favorable SSI adjudication, received a fee award of $4,079.26, which amount was twenty-five percent of Cantres's federal benefit less the administrative charge.  (Id. ¶ 15-20.)  The state benefit was not part of this calculation.  On May 20, 2013, Plaintiff wrote to the Social Security Administration ("SSA")'s attorney fee branch, arguing that his award should have included an additional $324.85, *viz.*, twenty-five percent of Cantres's $1,299.40 state benefit which was part of his retroactive SSI award.  (Id. ¶ 21, 22.)  Although Plaintiff alleges that the attorney fee branch did not itself take definitive action in response, Plaintiff did receive an email from the Office of the Regional Counsel

---

[1]The court notes that the class action aspects of this matter have yet to be addressed by the parties.

of the SSA stating that "past-due benefits are calculated only [on] the basis of federally administered benefits and do not include state supplementation unless federally administered." (Id. ¶ 23.)

III. DISCUSSION

The Commissioner argues that this court lacks both federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and mandamus jurisdiction pursuant to 28 U.S.C. § 1361. These arguments are discussed in turn.

*A. Federal-Question Jurisdiction*

First, the Commissioner contends that federal-question jurisdiction over Plaintiff's claim is precluded by 42 U.S.C. § 405(h), which in its entirety provides as follows:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Despite section 405(h)'s seeming application to section 1331, the Supreme Court has interpreted section 405(h) as permitting judicial review under section 1331 in limited circumstances. Specifically, the Court held that the more plausible interpretation of section 405(h) is that it only bars federal-question jurisdiction when the bar would "channel review through the agency," not when it would lead to "no review at all."

4

*Shalala v. Illinois Council on Long Term Care*, 529 U.S. 1, 19 (2000) (citing *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 680 (1986). As the Sixth Circuit thereafter found when addressing a motion to dismiss under similar circumstances to those present here, section 405(h) appears to provide no review at all with respect to the methodology of determining an attorney's fee, rather than the assessment of the fee itself. *Buchanan v. Apfel*, 249 F.3d 485, 490 (6th Cir. 2001). "The language of § 405(h)," the court explained, "indicates that Congress never contemplated a situation where someone other than a party pursuing entitlement benefits would seek review of a colorable claim that the Commissioner engaged in a statutory or constitutional violation." *Id.* The methodology at issue concerned a practice of awarding an attorney fees based solely on percentage of back benefits rather than weighing certain statutorily specified factors. *See id.* at 488.

Here, too, the underlying issue concerns not the amount of an attorney's fee, the setting of which is well within the Commissioner's discretion and not subject to judicial review, *see Thomason v. Schweicker*, 692 F.2d 333, 335 (4th Cir. 1982), but the methodology employed to determine the fee. To be sure, as the Commissioner argues, Congress has provided that administrative review of an attorney's fee award "shall not be subject to further review," 42 U.S.C. § 406(a)(3)(C), but, as the *Buchanan* court found, the "evidence is ambiguous as to whether Congress intended to preclude review of challenges to the methods used in making those fee determinations, as opposed to precluding review of challenges to the individual fee determinations themselves." *Buchanan*, 249 F.3d at 490.

The regulation referenced by the Commissioner in her brief in further support of

5

her motion is, in the court's estimation, similarly geared toward individual fee awards, not methodology. *See* 20 C.F.R. § 416.1520(d)(1) ("We will review the decision we made about *a* fee . . . .") (emphasis added). In fact, as far as this court can determine, there is no cognate regulation or statute allowing review, administrative or otherwise, of the fee methodology itself. Accordingly, in the court's opinion, a plaintiff who seeks to challenge that methodology can appropriately invoke federal-question jurisdiction. *See Binder & Binder PC v. Barnhart*, 399 F.3d 128, 131 (2nd Cir. 2005) ("[W]here there is no appropriate administrative forum, it makes no sense to bar federal suit."); *Thomason*, 692 F.2d at 336 ("[E]ven where action is committed to absolute agency discretion by law, courts have assumed the power to review allegations that an agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations.").

*B. Mandamus Jurisdiction*

The Commissioner's argument to the contrary, it appears to the court that there is a strong argument for mandamus jurisdiction pursuant to 28 U.S.C. § 1361 as well. Section 1361 provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Of course, the "jurisdiction" provided by section 1361 is predicated on a plaintiff having stated a plausible claim that he has no adequate remedy and that the federal defendant is an officer or agency of the United States who owes him the performance of a clear, ministerial and nondiscretionary duty. *Georges v. Quinn*, 853 F.2d 994, 995 (1st Cir. 1988); *see also Davis Associates, Inc. v. Secretary, Dep't of Hous. & Urban Dev.*, 498 F.2d 385, 388 (1st Cir. 1974) (in mandamus actions "questions of jurisdiction and

6

failure-to-state-a-claim merge"). Here, Plaintiff, in his complaint, has identified 42 U.S.C. § 406 as the source of the duty, subsection (a)(4) of which provides that the Commissioner "shall . . . certify for payment" an amount based on the past-due benefits, a provision which does not distinguish between state and federally administered state benefits. *Cf. District 2, Marine Engineer's Ass'n, Associated Maritime Officers, AFL-CIO v. Adams*, 447 F.Supp.72, 75 (N.D. Ohio 1977) (plaintiff sufficiently alleged jurisdiction under 28 U.S.C. § 1361 by directing the court to a statute providing that the Coast Guard "shall enforce" a statute enacted to protect seamen).

To be sure, the Commissioner maintains that one of the SSA's regulations does distinguish between state and federally administered SSI benefits in the context of attorney's fee calculations. *See* 20 C.F.R. § 416.1503. But that aspect of the dispute, this court believes, is best left for another day. Plaintiff has invoked only the governing statute in his complaint, and the complaint must be taken as true for purposes of resolving whether there is jurisdiction. *See Merlonghi*, 620 F.3d at 54; *see also Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) ("In resolving whether section 1361 jurisdiction is present, allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction.")

Given its ruling with regard to section 1331 jurisdiction, however, the court finds it unnecessary to further analyze whether Plaintiff has sufficiently supported his claim that this court also has mandamus jurisdiction. Prepossessed of the plausibility of Plaintiff's claim for purposes of federal-question jurisdiction, it simply bears mention again that it is not yet time to foray further into the merits of Plaintiff's underlying claim itself.

IV. CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is DENIED.

IT IS SO ORDERED.

                                             /s/ Kenneth P. Neiman
                                             KENNETH P. NEIMAN
                                             U.S. Magistrate Judge

September 30, 2014